**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No.    22-cr-136 (JMC)** |
| **MATTHEW LEBRUN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## JOINT MOTION TO CONTINUE PLEA HEARING FOR AT LEAST 90 DAYS

The United States of America, through the U.S. Attorney for the District of Columbia, and joined by defendant Matthew LeBrun, through undersigned counsel, request that the plea hearing currently scheduled for July 21, 2023 at 2:00 p.m. be continued at least until October 20, 2023 or thereafter, and that the Court exclude the time until that next status conference date from the time within which the indictment must be returned and the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  In support, the parties submit as follows:

1. The parties still expect to resolve this case via plea agreement.

2. While the government has conveyed a verbal plea offer to the defendant, the government has not yet tendered formal plea agreement paperwork.

3. Factually, this case is connected to several others. The government wishes to fully resolve those cases, through sentencing, before resolving this case.

4. The defendant has no objection to an additional continuance and agrees that he would not be prejudiced by it. In fact, he welcomes it.

1

5.  Accordingly, the parties now jointly move this Court to continue the status conference, currently scheduled for February 22, 2022, until a date on or after March 15, 2022. Such a continuance will allow for the continued provision and review of discovery in this unusual and complex case, and will grant counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Proceeding to trial without such a continuance would be likely to result in a miscarriage of justice, would make it unreasonable to expect adequate preparation for pretrial proceedings and trial itself due to the unusual and complex nature of the prosecution, and would deny counsel for both parties the time necessary for effective preparation.

6.  The parties also request that the time until the date of the continued plea hearing in this matter be excluded from calculation of the time necessary to return an indictment or commence a trial, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. The parties submit that a continuance is warranted and that an order excluding time would best serve the interests and ends of justice and outweigh the interests of the public and defendant in a speedy trial.

WHEREFORE, the United States and Mr. LeBrun request that this Court continue the plea hearing currently scheduled for July 21, 2023 at 2:00 p.m. until October 20, 2023, or thereafter, and that the Court exclude the time until that next hearing date from the time within which the indictment must be returned and the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the

best interest of the public and the defendant in a speedy trial pursuant to the factors described in

18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  .

<div style="margin-left: 40%;">

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney, Detailee
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6370
Michael.Gordon3@usdoj.gov


*/s/ David Courcelle*
DAVID COURCELLE
Law Office of David I. Courcelle, LLC
3500 N. Causway Blvd., Suite 185
Metaire, LA 70002
(504) 828-1315
dcourcelle@courcellelaw.com

</div>

3